1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE L.,

                       Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C22-5290-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1972, has a 9th-grade education, and has worked as a retail sales associate and manager.  AR 253.  Plaintiff was last gainfully employed in February 2018.  AR 252.

In January 2020, Plaintiff applied for benefits, alleging disability as of January 2, 2018. AR 167-68.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 92-94, 96-100.  After the ALJ conducted a hearing in April 2021 (AR 31-61), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff worked during the adjudicated period, but that work did not rise to the level of substantial gainful activity.

**Step two**:  Plaintiff has the following severe impairments: fibromyalgia, depression, and anxiety.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with additional limitations: she can occasionally kneel, crouch, crawl, stoop, and climb.  She must avoid concentrated exposure to temperature extremes, vibrations, unprotected heights, moving machinery, and similar hazards.  She is limited to simple, repetitive, routine tasks.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

2005).  As a general principle, an ALJ's error may be deemed harmless where it is

"inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.

Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in discounting Plaintiff's testimony, in failing to discuss

the lay evidence, and in assessing the medical opinion evidence.[3]  The Commissioner argues the

ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be

affirmed.

### A.      The ALJ Did Not Harmfully Err in Discounting Plaintiff's Allegations

The ALJ summarized Plaintiff's allegations and explained that he discounted them

because: (1) the treatment record shows that Plaintiff reported good pain control with medication

---

[3] Plaintiff contends that these errors also tainted the ALJ's RFC assessment and step-five findings, but these derivative errors need not be addressed separately.  *See* Dkt. 13 at 1, 15-16.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1    and physical examinations were largely normal and fail to corroborate her alleged need for an

2    assistive device; (2) Plaintiff did not seek specialized treatment for her mental conditions, relying

3    only on medications prescribed by her primary care provider, and her symptoms improved with

4    treatment; and (3) Plaintiff's activities were inconsistent with her allegation of disability.  AR

5    19-23.  Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth

6    Circuit.[4]  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

7             First, Plaintiff argues (Dkt. 13 at 7) that the ALJ's errors in assessing the medical opinion

8    evidence tainted his assessment of Plaintiff's testimony, but this argument lacks merit because,

9    as noted *infra*, the Court finds no error in the ALJ's assessment of the medical opinion evidence.

10            Next, Plaintiff argues that the ALJ cannot solely reject her testimony based on the lack of

11   objective support.  Dkt. 13 at 7.  But the ALJ did not rely solely on this basis: instead, he noted

12   Plaintiff's physical and mental improvement with medication, and also relied on her activities.

13   AR 19-23.  Thus, this line of argument fails to establish error in the ALJ's decision.

14            As to Plaintiff's improvement with medication, Plaintiff contends that she has continued

15   to experience some symptoms and limitations with medication (Dkt. 13 at 8), but has not

16   explained why the ALJ's RFC assessment does not fully account for those persistent limitations.

17   The ALJ limited Plaintiff to light work with occasional postural activities and limited exposure

18   to environmental conditions, and the ALJ further limited Plaintiff to simple, repetitive, routine

19   tasks.  *See* AR 19.  The ALJ's RFC assessment thus includes significant limitations, and Plaintiff

20   has not shown that these limitations fail to account for the symptoms that persist even with

21   medication.  Plaintiff repeatedly reported to providers that medication lessened her pain and

22

23   _____

     [4] Plaintiff's opening brief also devotes four pages to a summary of her testimony at the hearing (Dkt. 13 at
     10-14), but this summary does not advance Plaintiff's assignment of error in the ALJ's decision and need
     not be addressed herein.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

1    allowed her to "keep up" with her young child (*see, e.g.*, AR 364 ("Since being on the tramadol,

2    [Plaintiff] has been doing very well.  She states her pain level is set up for now, so it is not gone,

3    but it's much more manageable."), 501 ("Hydrocode allows [Plaintiff] to do more in the day,

4    keep up with her 5 year old."), 517 ("Opiate analgesics allow [Plaintiff] to keep up with her 5

5    year old."), 521 (same), 535 (medication has improved Plaintiff's insomnia, hip pain, and

6    fibromyalgia), 540 ("[Plaintiff] seems to be doing good on her current dose of Percocet"), 541

7    ("Percocet is helping with [Plaintiff's] pain.")), and the ALJ did not err in relying on this

8    evidence of improvement when discounting Plaintiff's allegations.  *See Morgan v. Comm'r of*

9    *Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of

10    improvement, physician reported symptoms improved with use of medication).

11          As noted by the ALJ, Plaintiff's treatment record also indicated that Plaintiff's mental

12    symptoms improved with medication.  *See, e.g.*, AR 501 (April 2020 Plaintiff reports

13    antidepressant was only "moderately effective" and provider revised medication regimen), 517

14    (medications adjusted in May 2020 to address side effects), 534 (July 2020 Plaintiff reports new

15    medication "working great, no side effects" and her depression and anxiety improved), 540

16    (Plaintiff reports doing "much better" with medication), 542 (normal mental findings in

17    November 2020).  Although Plaintiff contends that the ALJ erred in finding that her minimal

18    treatment undermined her allegations (Dkt. 13 at 9), Plaintiff does not acknowledge the ALJ's

19    emphasis on Plaintiff's improvement with even minimal treatment.  This is a legally sufficient

20    reason to discount Plaintiff's allegation of disabling mental limitations.  *See Wellington v.*

21    *Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully

22    relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035,

23    1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to

1    conservative treatment including physical therapy and the use of anti-inflammatory medication, a

2    transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to

3    conservative treatment undermines Tommasetti's reports regarding the disabling nature of his

4    pain.").

5         Lastly, Plaintiff argues that the ALJ erred in relying on her activities as a reason to

6    discount her allegations because none of her activities contradict her allegations, nor do they

7    demonstrate the existence of transferable work skills.  Dkt. 13 at 9-10.  Indeed, the ALJ did not

8    explicitly contrast Plaintiff's activities with her allegations, nor did he identify any particular

9    work skills demonstrated by Plaintiff's activities.  AR 22-23.  Any error in this line of the ALJ's

10   reasoning is harmless because, as discussed *supra*, the ALJ properly discounted Plaintiff's

11   allegations in light of the evidence of her improvement with treatment.  *See Carmickle v.*

12   *Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

13        **B.      The ALJ Did Not Harmfully Err in Failing to Address the Lay Evidence**

14        The record contains a third-party function report completed by Plaintiff's boyfriend,

15   George Jensen III.  AR 287-94.  The ALJ did not discuss this evidence, perhaps because he

16   believed it was "inherently neither valuable nor persuasive" under the applicable new

17   regulations.  AR 23.

18        The new regulations indicate that statements from non-medical sources do not need to be

19   assessed using the same criteria that applies to medical source opinions, but do not state that lay

20   statements are inherently valuable nor persuasive, nor do they explicitly relieve an ALJ from the

21   obligation of discussing significant, probative evidence that is rejected. *See* 20 C.F.R. §

22   404.1520c(d).

23

1    The ALJ's error is harmless, however, because Mr. Jensen's report describes the same

2    physical and mental limitations that Plaintiff herself alleged and, as explained *supra*, the ALJ did

3    not harmfully err in discounting these allegations. The Commissioner's brief stresses the

4    similarity between Plaintiff's statements and Mr. Jensen's report (Dkt. 14 at 10-12), and

5    Plaintiff's reply brief does not dispute the similarity.  Dkt. 15 at 8.  Under these circumstances,

6    the Court finds that any error in the ALJ's failure to explicitly address Mr. Jensen's function

7    report is harmless. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir.

8    2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's]

9    own subjective complaints, and because [the lay witness's] testimony was similar to such

10    complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's]

11    testimony"); *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. Sep. 1, 2022) (in a case

12    applying the 2017 regulations, finding harmless error in ALJ's failure to address lay statements

13    where the lay statements were similar to plaintiff's properly rejected testimony).

14    **C.    The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence**

15    Plaintiff argues that the ALJ erred in finding certain medical opinion evidence.  The

16    Court will consider each disputed opinion in turn.

17    *1.    Legal Standards*

18    Under regulations applicable to this case,[5] the ALJ is required to articulate the

19    persuasiveness of each medical opinion, specifically with respect to whether the opinions are

20

21    _____

[5] Plaintiff contends that the Commissioner's new regulations are partially invalid (Dkt. 13 at 5-6), but the Court finds Plaintiff's argument unpersuasive in light of *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

22    Although Plaintiff contends that any regulation that relieves an ALJ of the obligation to explicitly discuss the nature of the relationship between and opinion's author and the claimant is invalid (Dkt. 13 at 5-6), the Ninth Circuit does not apparently agree.  *See* 32 F.4th at 790-92 (indicating that the Social Security

23    Act "provides no guidance as to how the agency should evaluate medical evidence[,]" which leaves the Commissioner with "wide latitude" to promulgate evidentiary rules and regulations, and finding that

1    supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An

2    ALJ's consistency and supportability findings must be supported by substantial evidence.  *See*

3    *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

4              2.    *Brooke Elliott, PA-C*

5         Plaintiff attached to her function report a June 2020 letter attributed to Ms. Elliott, her

6    treating provider, that reads in pertinent part:

7         Laurie has been my patient since September 2019.  She suffers from chronic pain
          that has affected her ability to work and do day-to-day activities.  The pain she
8         suffers from prevents her from being able to stand for long periods of time, which
          is why she was unable to continue with her previous job.  Her pain has been
9         constant and difficult to control [the] majority of the time.  She has made a lot of
          effort to do what she can to minimize her pain so she can function normally.  She
10        has tried to stay active and lost a significant amount of weight[,] hoping that
          would be helpful.  She has done physical therapy and has tried several different
11        medications.  In my interactions with the patient I have felt that she has made
          sincere efforts to do all she can to control her pain, but it has obviously had a
12        negative impact on her quality of life.

13   AR 314.  The ALJ noted that this letter is unsigned, and further found that Ms. Elliott's failure to

14   define the extent of Plaintiff's ability to stand or the extent of the "negative impact" of Plaintiff's

15   pain rendered it vague.  AR 23.  The ALJ also found that the opinion was inconsistent with the

16   medical record, which showed that Plaintiff reported to providers that her pain was "largely

17   controlled" on medications.  *Id*.  On these bases, the ALJ found Ms. Elliott's letter to be

18   unpersuasive.  *Id*.

19        Plaintiff first argues that the lack of signature on Ms. Elliott's letter does not support its

20   rejection, and that if the ALJ doubted its veracity, he should have developed the record.  Dkt. 13

21

22   _____

     ALJs need not, under the new regulations, explicitly discuss the nature of the relationship between the
     claimant and the author of an opinion).  Unless and until the Court receives contrary guidance from the
23   Ninth Circuit, the Court will continue to follow *Woods*' instructions when reviewing an ALJ's assessment
     of medical opinions under the new regulations.

at 4.  The Court need not address this argument because the ALJ's other reasons to find the opinion unpersuasive are legally sufficient, and thus any error in relying on the lack of signature is harmless.

Specifically, the ALJ did not err in finding that Ms. Elliott's failure to identify specific functional limitations rendered it less probative to the ALJ's disability determination.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).  The ALJ is not obligated to seek clarification of vague opinions because, as here, the ALJ had the opportunity to review Plaintiff's longitudinal treatment record in assessing her RFC, and the record was not inadequate.  *See id.*

Moreover, the ALJ also assessed whether Ms. Elliott's opinion was consistent with the treatment record and reasonably found it inconsistent with Plaintiff's multiple reports to providers that medication lessened her pain symptoms and increased her functionality.  *See* AR 23.  This finding is supported by substantial evidence in the record.  *See, e.g.*, AR 364, 501, 517, 521, 535, 540, 541.  Because the ALJ reasonably found that the record was inconsistent with Ms. Elliott's assertion that Plaintiff's pain was constant and difficult to control most of the time, the ALJ did not err in finding the opinion unpersuasive on this basis.  Although Plaintiff contends that her improvement is not a valid reason to reject Ms. Elliott's opinion about the limitations that Plaintiff continues to experience even with medications (Dkt. 13 at 5), Ms. Elliott's letter does not identify any particular functional limitations nor does it acknowledge Plaintiff's improvement with medication.  *See* AR 314.

For these reasons, the Court finds that Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's assessment of Ms. Elliott's letter.

> ### 3.    *State Agency Opinions*

The ALJ found the State agency opinions persuasive because they were supported by

clinical findings and consistent with the record and Plaintiff's activities.  AR 23-24.  Plaintiff

contends, in conclusory fashion, that these opinions are in fact unsupported and inconsistent with

the record, and are also inconsistent with Ms. Elliott's opinion, Plaintiff's testimony, and Mr.

Jensen's report.  Dkt. 13 at 5.

Plaintiff's bare assertion of error is insufficient to establish error in the ALJ's assessment

of the State agency opinions.  Moreover, as discussed in this decision, the ALJ did not err in

discounting Ms. Elliott's opinion, Plaintiff's testimony, or Mr. Jensen's report, and thus any

inconsistency between the State agency opinions and that evidence does not suggest error in the

ALJ's decision.  Because Plaintiff has failed to meet her burden to show harmful legal error in

the ALJ's assessment of the State agency opinions, the Court declines to disturb this portion of

the ALJ's decision.

### 4.     *Hip Impairment*

Plaintiff notes that a physical therapist indicated that Plaintiff's "symptoms and objective

findings suggest pathology of the hip joint itself rather than the soft tissues.  At this point it

would be helpful to have imaging to evaluate the condition of the hip joint."  AR 369.

Plaintiff contends that the ALJ's RFC assessment fails to account for the physical

therapist's findings (Dkt. 13 at 3), but does not acknowledge that the ALJ addressed Plaintiff's

hip osteoarthritis and osteopenia at step two and found that it was not severe because the imaging

(AR 386-90, 400-01) revealed the hip osteoarthritis and osteopenia to be mild and that these

conditions did not result in vocational limitations that persisted despite Plaintiff's improvement

with the medication she was prescribed for fibromyalgia.  *See* AR 17-18.  Plaintiff has not shown

that the ALJ's findings in this regard are erroneous, nor has she pointed to any evidence

establishing particular hip-related limitations that should have been accounted for in the ALJ's RFC assessment.

In light of the ALJ's unchallenged findings regarding the imaging of Plaintiff's hip, Plaintiff has failed to establish harmful legal error in the ALJ's failure to discuss a physical therapy note indicating that hip imaging would be useful.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day of December, 2022.

S. KATE VAUGHAN
United States Magistrate Judge